IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TOMMY MCCRAY,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                           )   Civ. No. 04-173-SLR
                                 )
FIRST STATE MEDICAL SYSTEM,      )
                                 )
        Defendant.               )

---

Tommy McCray, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware. Plaintiff appearing pro se.

Daniel L. McKenty, Esquire, Steven F. Mones, Esquire and Dana M. Spring, Esquire, of McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendant.

---

**MEMORANDUM OPINION**

Dated: August 3, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Plaintiff Tommy McCray, appearing pro se, brought this civil rights action pursuant to 42 U.S.C. §1983, alleging that "deliberate indifference" on the part of defendant First State Medical System led to an "excessive risk" to his health. (D.I. 2) Presently before the court is defendant's motion to dismiss. (D.I. 19) For the reasons that follow, defendant's motion to dismiss is granted.

## II. BACKGROUND

Plaintiff is currently incarcerated in the Delaware Correctional Center ("DCC") in Smyrna, Delaware. (D.I. 18) At the time of the incident described in plaintiff's complaint, however, plaintiff was an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware ("Gander Hill"). (D.I. 2) Defendant is a health care provider for the Delaware correctional system. (D.I. 19 at ¶ 2) On October 3, 2003, plaintiff requested an intravenous medical procedure which the nurse at Gander Hill was unable to perform. (Id.) Consequently, plaintiff was transferred from Gander Hill to the DCC in order to have the procedure performed. (Id.) Although the commute from Gander Hill to the DCC took about two hours, plaintiff does not allege an injury occurred as a result of the commute. (Id.) Rather, plaintiff asserts that he "could have went [sic] into diabetic shock or diabetic coma" as a result of the delay in

transferring him to the DCC for treatment.  (Id.)  The heart of plaintiff's complaint is that he should have been taken to a local hospital rather than transferred to the infirmary at the DCC to perform the procedure.  (Id.)

Defendant filed a motion to dismiss plaintiff's complaint because plaintiff:  (1) failed to exhaust his administrative remedies; (2) failed to state a claim; and (3) failed to file an affidavit of merit.[1]  (D.I. 19 at ¶ 9-11)  This court ordered plaintiff to file an answering brief in response to defendant's motion by April 22, 2005.  (D.I. 22)  To date plaintiff has not filed an answering brief to defendant's motion to dismiss.

### III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff.  See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  "A complaint

---

[1] Under Delaware law, healthcare negligence lawsuits cannot be filed unless the complaint is accompanied by an affidavit of merit signed by an expert witness stating that there are reasonable grounds to believe there has been healthcare medical negligence.  18 Del. C. § 6853(a)(1).  Defendant argues that this court should dismiss plaintiff's complaint because it was not accompanied by an affidavit of merit.  (D.I. 19 at ¶ 11) However, this is a federal court and plaintiff's claims under 42 U.S.C. § 1983 are based on violations of the United States Constitution.  Consequently, 18 Del. C. § 6853(a)(1) does not apply to plaintiff's complaint.  The court rejects defendant's motion to dismiss for failure to submit an affidavit of merit.

should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

IV. DISCUSSION

**A. Failure to Exhaust Administrative Remedies**

Defendant argues that because plaintiff did not exhaust his administrative remedies prior to filing this action, his claim is barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). The PLRA provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are

3

exhausted.

Section § 2636(g) of Title 18 of the United States Code defines "prison conditions" as "the effects of actions by government officials on the lives of persons confined in prison . . . ." Actions under this clause relate to "the environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein." Booth v. Churner, C.O., 206 F.3d 289, 291 (3d Cir. 2000).

Taking all allegations in plaintiff's complaint as true, the action complained of is a "prison condition." It cannot be reasonably argued that transferring an inmate for purposes of medical treatment does not relate to "the nature of the services provided." Therefore, plaintiff is required to exhaust administrative remedies, if any exist, before filing a complaint in federal court.

In the complaint, plaintiff acknowledges that a prisoner grievance procedure existed at Gander Hill at the time of the alleged wrongdoing. (D.I. 2) Plaintiff, however, admits that he failed to file a grievance pursuant to the procedures set forth by Gander Hill prior to filing this suit. (Id.) Plaintiff states that he failed to file a grievance because he was transferred to DCC until his blood sugar level came down. (Id.) According to plaintiff, "[t]he reason why I didn't file a grievance in this matter was because it was and [sic]

4

emergency[,] my blood and sugar level was out of control." (D.I. 14) Plaintiff's defense of his failure to file a grievance is unavailing as any filing of a grievance would naturally occur after the complained of incident.

Plaintiff's status as a pro se litigant fails to provide an exception to the requirement that prisoners must exhaust all administrative remedies prior to filing suit in federal court. Although a prisoner's pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 106 (1976), it cannot follow that a pro se litigant may circumvent this exhaustion requirement altogether. By applying § 1997e(a) without exception, the policies underlying the exhaustion requirements are promoted, that is, the agency involved is given the opportunity to discover and correct its own mistakes while conserving judicial resources. Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000).

**B. Failure to State a Claim**

It is established that the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995). Personal involvement by a defendant is essential in a civil rights action. See Rode, 845 F.2d at 1207. "Allegations of personal direction or of actual knowledge and acquiescence" are adequate to

5

demonstrate personal involvement. Id. Such allegations are required to be "made with appropriate particularity." Id. Corporations which contract with states to provide prison medical services are not liable for constitutional violations of employees. Swan, 923 F. Supp. at 633. Instead, such a corporation is only liable if its policies are so inadequate and ineffective that the mere decision to employ these policies demonstrates deliberate indifference on the part of the corporation. Id. Plaintiff claims that an "official" took an "excessive risk" to his health by transporting him from Gander Hill to DCC. (D.I. 2) Plaintiff further explains that when the nurse could not start intravenous treatment she called the warden, who instructed her to transfer plaintiff to DCC. (Id.) Nothing in plaintiff's complaint alleges that defendant had actual knowledge or acquiesced to the actions taken. Furthermore, plaintiff's complaint does not even mention defendant's policies, much less allege such policies are inadequate. Consequently, plaintiff has failed to state a claim against defendant.

V. CONCLUSION

For the reasons set forth above, the court grants defendant's motion to dismiss. (D.I. 19) An appropriate order shall issue.